1

2

3

Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorney for Plaintiff

4

5

6

7

8

9

10

11

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA BARNES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br><br>**JURY TRIAL DEMANDED** |

12

13

14

15

16

17

18

19

20

21

### INTRODUCTION

22

1. TAMARA BARNES ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MONTEREY FINANCIAL SERVICES, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1   knowledge as to themselves and their own acts and experiences, and, as to

2   all other matters, upon information and belief, including investigation

3   conducted by her attorneys.

4   2. The TCPA was designed to prevent calls and text messages like the ones

5   described herein, and to protect the privacy of citizens like Plaintiff.

6   "Voluminous consumer complaints about abuses of telephone technology –

7   for example, computerized calls dispatched to private homes – prompted

8   Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct.

9   740, 744 (2012).

10   3. In enacting the TCPA, Congress intended to give consumers a choice as to

11   how corporate similar entities may contact them, and made specific findings

12   that "[t]echnologies that might allow consumers to avoid receiving such

13   calls are not universally available, are costly, are unlikely to be enforced, or

14   place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243,

15   § 11. In support of this, Congress found that

16   > [b]anning such automated or prerecorded telephone calls
17   > to the home, except when the receiving party consents to
     > receiving the call or when such calls are necessary in an
18   > emergency situation affecting the health and safety of the
     > consumer, is the only effective means of protecting
19   > telephone consumers from this nuisance and privacy
     > invasion.

20   Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012

21   WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings

22   on TCPA's purpose).

23   4. Congress also specifically found that "the evidence presented to the

24   Congress indicates that automated or prerecorded calls are a nuisance and an

25   invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See

26   also, *Mims*, 132 S. Ct. at 744.

27   5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA

28   case regarding calls similar to this one:

**CLASS ACTION COMPLAINT**

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Monterey, State of California as not only does Defendant regularly conduct business throughout the State of California, but Plaintiff resides within the County of Monterey within the State of California.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is in Oceanside, CA. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Monterey, and within this judicial district.

**CLASS ACTION COMPLAINT**

1

## FACTUAL ALLEGATIONS

2  10. At all times relevant, Plaintiff was a citizen of the State of California.

3  Plaintiff is, and at all times mentioned herein was, a "person" as defined by

4  47 U.S.C. § 153 (39).

5  11. Defendant is, and at all times mentioned herein was, a Corporation and a

6  "person," as defined by 47 U.S.C. § 153 (39).

7  12. At all times relevant Defendant conducted business in the State of California

8  and in the County of Monterey, within this judicial district.

9  13. Beginning in March of 2014, Defendant placed multiple calls to Plaintiff on

10  both her land line and cellular telephone in an attempt to collect an alleged

11  debt.

12  14. Plaintiff received calls from Defendant on the dates of March 18, April 10,

13  April 15, April 16, April 22, and April 23 of 2014 from telephone number

14  (760) 639-3500.

15  15. On April 30, 2014, Plaintiff sent Defendant a letter revoking consent to call

16  Plaintiff's cellular telephone number.

17  16. During a telephone communication, Plaintiff requested that Defendant only

18  contact her via mail, but has yet to receive a single piece of mail from

19  Defendant in accordance with this request.

20  17. The calls Defendant placed to Plaintiff's cellular telephones were placed via

21  an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C.

22  § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

23  18. This ATDS has the capacity to store or produce telephone numbers to be

24  dialed, using a random or sequential number generator.

25  19. The telephone numbers that Defendant, or its agents, called was assigned to

26  cellular telephone services for which Plaintiff incurrs a charge for incoming

27  calls pursuant to 47 U.S.C. § 227 (b)(1).

28  20. These telephone calls constituted calls that were not for emergency purposes

---

**CLASS ACTION COMPLAINT**

1      as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

2   21. These telephone calls by Defendant, or its agents, violated 47 U.S.C. §

3      227(b)(1).

4                    **CLASS ACTION ALLEGATIONS**

5   22. Plaintiff brings this action on behalf of herself and on behalf of and all

6      others similarly situated ("the Class").

7   23. Plaintiff represents, and is a member of, the Class, consisting of All persons

8      within the United States who received any telephone call/s from Defendant

9      or its agent/s and/or employee/s to said person's cellular telephone made

10     through the use of any automatic telephone dialing system within the four

11     years prior to the filling of the Complaint.

12  24. Defendant and its employees or agents are excluded from the Class.

13     Plaintiff does not know the number of members in the Class, but believes the

14     Class members number in the thousands, if not more.  Thus, this matter

15     should be certified as a Class action to assist in the expeditious litigation of

16     this matter.

17  25. Plaintiff and members of the Class were harmed by the acts of Defendant in

18     at least the following ways: Defendant, either directly or through its agents,

19     illegally contacted Plaintiff and the Class members via their cellular

20     telephones, thereby causing Plaintiff and the Class members to incur certain

21     cellular telephone charges or reduce cellular telephone time for which

22     Plaintiff and the Class members previously paid, and invading the privacy of

23     said Plaintiff and the Class members.  Plaintiff and the Class members were

24     damaged thereby.

25  26. This suit seeks only damages and injunctive relief for recovery of economic

26     injury on behalf of the Class, and it expressly is not intended to request any

27     recovery for personal injury and claims related thereto.  Plaintiff reserves the

28     right to expand the Class definition to seek recovery on behalf of additional

**CLASS ACTION COMPLAINT**

1 persons as warranted as facts are learned in further investigation and

2 discovery.

3 27. The joinder of the Class members is impractical and the disposition of their

4 claims in the Class action will provide substantial benefits both to the parties

5 and to the court. The Class can be identified through Defendant's records or

6 Defendant's agents' records.

7 28. There is a well-defined community of interest in the questions of law and

8 fact involved affecting the parties to be represented. The questions of law

9 and fact to the Class predominate over questions which may affect

10 individual Class members, including the following:

11 a. Whether, within the four years prior to the filing of this Complaint,

12 Defendant or its agents placed any calls to the Class (other than a call

13 made for emergency purposes or made with the prior express consent

14 of the called party) to a Class member using any automatic dialing

15 system to any telephone number assigned to a cellular phone service;

16 b. Whether Plaintiff and the Class members were damaged thereby, and

17 the extent of damages for such violation; and

18 c. Whether Defendant and its agents should be enjoined from engaging

19 in such conduct in the future.

20 29. As a person that received numerous calls from Defendant via an automated

21 telephone dialing system, Plaintiff is asserting claims that are typical of the

22 Class. Plaintiff will fairly and adequately represent and protect the interests

23 of the Class in that Plaintiff has no interests antagonistic to any member of

24 the Class.

25 30. Plaintiff and the members of the Class have all suffered irreparable harm as

26 a result of the Defendant's unlawful and wrongful conduct. Absent a class

27 action, the Class will continue to face the potential for irreparable harm. In

28 addition, these violations of law will be allowed to proceed without remedy

**CLASS ACTION COMPLAINT**

and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**CLASS ACTION COMPLAINT**

37. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

CLASS ACTION COMPLAINT

44. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

47. Any other relief the Court may deem just and proper.

## Trial By Jury

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 20, 2014 **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /S/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF

**CLASS ACTION COMPLAINT**